IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12-cr-89 |
| | ) | |
| v. | ) | |
| | ) | |
| BRYAN HOLM, | ) | MOTION TO INCLUDE UNREPORTED |
| | ) | MATTER IN RECORD UNDER |
| Defendant. | ) | FRAP10(e) |
| | ) | |

Defendant moves under Rule 10(e) to make an unreported conversation between the Court and Defendant occurring immediately prior to Defendant's plea hearing on September 25, 2012, a part of the record in these proceedings, stating:

1. This request concerns a specific exchange between the Court and Defendant as recalled by Defendant that occurred outside the presence of Defendant's counsel prior to the start of the September 25, 2012, plea hearing.

2. The conversation/exchange between Defendant and the Court were disclosed to undersigned counsel after the previous FRAP 10 motion and associated papers were sent to Defendant.

3. Because this conversation was not in the reported proceedings of September 25, the record does not "truly disclose" completely what occurred in that proceeding and has been omitted by error or accident. The conversation is material to the issue of the appearance of impartiality together with the subsequent events, which included: a. detaining the defendant at the end of the plea hearing without prior notice to the parties based upon Mr. Holm's criminal history (including the Northern District case) when the parties had expressly stipulated and

1

agreed to recommend continued release in a case not involving mandatory detention; b. the reassignment of the case from the docket of Judge Pratt to the docket of Judge Rose on September 26, 2012, the day after the plea wherein Judge Rose made clear at the beginning of the plea the "case is going back to [Judge Pratt]." (9/25/13 transcript at p. 2); c. the Court's telephone contact with AUSA and Appellate Section Chief Shannon Olson discussing the fact that Judge Rose had specifically named Mr. Wendel in the October 25, 2012, order denying reconsideration in an effort to cause Mr. Wendel to come under DOJ scrutiny during appeal of that order for agreeing to Mr. Holm's release in the plea agreement; d. the trial court's sentencing order directives that urged the Government to advocate for an upward variance/departure not being sought by the Government, and that further directed the Government to present evidence in support of an increase they had stipulated did not apply; e. assumed the prosecution's burden and called and questioned a witness in support of that increase; f. failed to disclose any of the ex-parte contacts until the Government advised of their occurrence; g. became angered that the ex-parte emails were disclosed; h. confirmed her anger in the email captioned "Hulk", written shortly after Mr. Holm was sentenced.

      WHEREFORE, Defendant requests the attached docket from Mr. Holm's prior Northern District case and that Mr. Holm's affidavit be received under Rule 10(e). No hearing is requested, only that the attachments be part of the record.

        STOWERS LAW FIRM
        West Glen Town Center
        The Hub Building, Suite 130
        650 South Prairie View Drive
        West Des Moines, IA 50266
        Phone: (515) 224-7446
        Fax: (515) 225-6215

        By:   /s/ Dean Stowers
            Dean Stowers
            Attorney for Defendant
            Bryan Holm

Original filed.

Copy to:    Andrew Kahl, Assistant U.S. Attorney, 110 E. Court Avenue, Suite 286, Des Moines, IA 50309
           Phone: (515) 473-9300    Fax: (515) 473-9292

**PROOF OF SERVICE**

**The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on April 29, 2013.**
**By:**    ☐ **CM/ECF**

*Signature*    **/s/ Amy Pille**