IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | Criminal No. 4:12-cr-89 |
| v. | ) ) | GOVERNMENT'S PARTIAL RESISTANCE |
| BRYAN HOLM, | ) ) | TO DEFENDANT'S MOTION TO INCLUDE UNREPORTED MATTER IN THE RECORD |
| Defendant. | ) ) | UNDER FRAP 10(e) |

The United States of America, by and through its undersigned counsel, respectfully files its partial resistance to defendant's Motion to Include Unreported Matter in the Record Under FRAP 10(e) filed April 30, 2013.  (Court's Docket No. 87).  In support of its position, the United States states as follows:

1. Fed. R. App. P. 10(e)(2) allows for modification of the record on appeal with respect to matters that are "material to either party" and have been "omitted from or misstated in the record by error or accident."  But while this rule allows the record to be supplemented, typically by matters that were before the district court, *see Dickerson v. Alabama*, 667 F.2d 1364, 1367 (11th Cir. 1982),  it "does not grant a license to build a new record." *Anthony v. United States*, 667 F.2d 870, 875 (10th Cir. 1998).

2. Defendant seeks to add a self-serving affidavit (Attachment 2), in which the defendant avers that the Court engaged defendant in a brief conversation prior to his change of plea proceeding and before defendant's lawyer arrived in the courtroom.

3. Defendant made no effort to make a record of this purported conversation at any time while his case was pending in the district court.  *See United States v. Hillsberg*, 812 F.2d 328, 336 (7th Cir. 1987) (declining to permit trial counsel's affidavit regarding conversations

with jurors to be added to the record and observing the Rule 10(e) "does not allow the court to add to the record on appeal matters that might have been but were not placed before it in the course of the proceedings leading to the judgment under review," citation omitted).

    4.    Defendant seeks the enter his version of events without being subject to cross examination, and without any finding by a court that such a conversation occurred or, if it did, in the manner that defendant claims.

    5.    As to Attachment 1, which is a docket sheet relating to a prior conviction arising out of the Northern District of Iowa, the government has no objection to this being added to the record. This is a public, court record that is subject to judicial notice, and the court of appeals has previously ruled that "it may take judicial notice of proceedings in other courts that relate directly to the matter at issue." *Great Plains Trust Co. v. Union Pacific Railroad Co.*, 492 F.3d 986, 996 (8th Cir. 2007). While the government reserves the right to argue before the court of appeals that this document has little, if any, relevance to the issues in this case, the government also recognizes that Attachment 1 not only is a public court record, but also that it relates to a prior conviction referenced in defendant's Presentence Report.

/
/
/
/
/
/
/

WHEREFORE defendant's Motion to Include Unreported Matter in the Record Under FRAP 10(e) should be granted with respect to Attachment 1 and denied with respect to Attachment 2.

Respectfully submitted,

Nicholas A. Klinefeldt
United States Attorney

By: /s/ Andrew H. Kahl
Andrew H. Kahl
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Andrew.Kahl@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2013, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system. I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

____U.S. Mail  ____Fax  ____Hand Delivery

 X  ECF/Electronic filing  ____Other means

UNITED STATES ATTORNEY

By: /s/ A. Kahl
        AUSA